# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DENNIS STRONG,

             Plaintiff,

v.

WISCONSIN STATE PUBLIC
DEFENDER, KELLI S. THOMPSON,
and JON PADGHAM,

             Defendants.

Case No. 17-CV-981-NJ-JPS

**ORDER**

      Plaintiff Dennis Strong, who is incarcerated at the Outagamie County Jail, proceeds in this matter *pro se*. He filed a complaint alleging that the defendants violated his constitutional rights. (Docket #1). This case is currently assigned to Magistrate Judge Nancy Joseph. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a U.S. District Court judge for the limited purpose of screening the complaint. The case will be returned to Magistrate Judge Joseph after entry of this order.

      The Prison Litigation Reform Act (PLRA) gives courts discretion to allow a prisoner to proceed with their lawsuits without prepaying the $350 filing fee if the prisoner complies with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee; however, on July 24, 2017, Judge Joseph determined that Plaintiff was not required to pay the fee because he has neither the assets nor the means to do so. Accordingly, the Court will grant Plaintiff's motion to proceed without prepayment of the full filing fee. He is

required to pay the $350 fee over time in the manner explained at the end of this order.

Next, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (*citing Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that, as a result of systemic deficiencies at the Wisconsin State Public Defender's Office, Defendants failed to timely secure counsel for him. (Docket #1 at 2.) Plaintiff asserts that he invoked

his right to a speedy trial but, because Defendants failed to provide him with counsel as he requested, he was required to proceed *pro se*.[1] (*Id.*)

The Court of Appeals for the Ninth Circuit recently held that plaintiffs facing similar delays could state a Sixth Amendment claim. *See Farrow v. Lipetzky*, 637 Fed. Appx. 986 (9th Cir. 2016). The Court of Appeals explained that, "[t]he Sixth Amendment requires that counsel 'be appointed within a reasonable time after attachment to allow for adequate representation at any critical stage before trial, as well as at trial itself.'" *Id.* at 988 (citing *Rothgery v. Gillespie County*, 554 U.S. 191, 212 (2008)). The Court of Appeals explained that the question raised by this standard is: "[H]ow soon after the Sixth Amendment right attaches must counsel be appointed, and at what point does delay become constitutionally significant?" *Id.*

Although it may be that the delay plaintiff experienced is not constitutionally significant, the Court cannot make that determination based only on the allegations before it. As such, the Court will allow the plaintiff to proceed with a Sixth Amendment claim.

Plaintiff may not, however, proceed with his claim against all of the defendants he names, nor may he obtain all of the relief he requests. The Wisconsin State Public Defender's Office is a state entity and is not suable under 42 U.S.C. § 1983 because it is not a "person" within the meaning of that statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989). The

---

[1]According to Wisconsin court records, a criminal complaint was filed against Plaintiff in Outagamie County on March 22, 2017. Plaintiff was represented by counsel from on or around March 24 to May 30, 2017, and from on or around July 24 to July 31, 2017, but counsel in each of those periods ultimately withdrew. Plaintiff is currently represented; his attorney entered his appearance on August 1, 2017. *See* wcca.wicourts.gov, case details for Outagamie County Case No. 2017CM282.

Court will dismiss the Wisconsin State Public Defender's Office as a defendant.

Plaintiff also names Kelli S. Thompson, the Wisconsin state public defender, and Jon Padgham, the managing attorney. He sues them as representatives of the Wisconsin State Public Defender's Office. In other words, he does not allege that they *personally* violated his constitutional rights, but rather, that they (and other public defenders) implemented the allegedly unconstitutional policy or custom of the Wisconsin State Public Defender's Office. As such, Plaintiff may proceed only on an official-capacity claim and not a personal-capacity claim. *See Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). Because an official-capacity claim is really a suit against the government entity itself, it is unnecessary for Plaintiff to proceed against both Thompson and Padgham. The Court will dismiss Padgham as a defendant.

Finally, because Plaintiff's suit is to be treated as a case against the government entity, any relief sought would have to be satisfied by looking to the government entity rather than to Thompson. *See Brunken v. Lance*, 807 F.2d 1325, 1328-29 (7th Cir. 1986). Under those circumstances, the Eleventh Amendment bars an action for money damages; however, it does not bar a plaintiff from seeking injunctive or declaratory relief "against a state official 'to conform [his] future conduct to the requirement of federal law.'" *Id.*

Plaintiff seeks monetary damages of only $1.00 (Docket #1 at 4); he is not entitled to this relief. Plaintiff does not seek injunctive relief; however, he does seek "a sanction by the court . . . for the systemic deficiencies within the state agency. . . ." *Id.* The Court will broadly construe this request as one for declaratory relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Wisconsin State Public Defender and Jon Padgham be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant Kelli S. Thompson;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendant Kelli S. Thompson shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account, and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to

another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that this case be referred back to the United States Magistrate Judge assigned to this case for further proceedings;

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge