**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| DENNIS STRONG,<br><br>                       Plaintiff,<br><br>v.<br><br>KELLI S. THOMPSON,<br><br>                       Defendant. | Case No. 17-CV-981-JPS<br><br>**ORDER** |

**1.  INTRODUCTION**

Plaintiff, an inmate at the Outagamie County Jail, proceeds in this matter *pro se*. Defendant is the Wisconsin State Public Defender. On October 18, 2017, the Court screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915 and 1915A. (Docket #7). The Court allowed Plaintiff to proceed on a claim under the Sixth Amendment for Defendant's failure to timely secure representation for him in a state criminal proceeding. *Id.* at 3-4. Plaintiff was permitted to sue Defendant in her official, not personal, capacity. *Id.* at 4.

On December 15, 2017, Defendant moved to dismiss the Complaint. (Docket #14). That motion is now fully briefed and ripe for adjudication. (Docket #14-18 and #21). For the reasons stated below, Defendant's motion will be granted and this action will be dismissed.

**2.  STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted).

In reviewing Plaintiff's Complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in [his] favor[.]" *Id.* at 480-81. However, a complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The Court must identify allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Ultimately, dismissal is only appropriate "if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to the relief requested." *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016).

3.  **FACTS**

Defendant requests that the Court take judicial notice of a certified copy of the court records for Plaintiff's criminal case, which underlies his claim in this action. (Docket #15 at 2 n.1). The Court will do so. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Fed. R. Evid. 201(b); (Docket #15-1 at 1) (certification of the court record by the Clerk of the Outagamie County Circuit Court). Taking those records together with Plaintiff's allegations, the material facts are as follows.

On March 22, 2017, Plaintiff was charged with three misdemeanors in Outagamie County Circuit Court. (Docket #15-1 at 2-6). Over the course

of summer and fall of 2017, during the pendency of his criminal case, Plaintiff was appointed three attorneys. *See* (Docket #15-1 at 33-38, 111-13, 170-89). Each withdrew due to difficulties in representing him. *Id*. On October 25, 2017, upon the third attorney's withdrawal, the circuit court ruled that Plaintiff had forfeited his right to counsel and required him to proceed to trial *pro se*. *Id*. at 170. According to the transcript of the October 25 hearing, submitted by Plaintiff, (Docket #17 at 205-13), the circuit court began the hearing by declaring that Plaintiff had forfeited his right to counsel. *Id.* at 206. Plaintiff took no issue with that determination through the remainder of the hearing. *Id.* at 206-12.

Plaintiff was found guilty by a jury on December 13, 2017. *State of Wisconsin v. Dennis C. Strong, Jr.*, Outagamie County Circuit Court Case No. 2017-CM-282, *available at*: https://wcca.wicourts.gov. On March 14, 2018, he was sentenced to a term of imprisonment, to be followed by a further term of supervised release. *Id.*

**4.    ANALYSIS**

Suits against state officials in their official capacity are generally barred by the Eleventh Amendment. *MSA Realty Corp. v. State of Ill.*, 990 F.2d 288, 291 (7th Cir. 1993). The doctrine of *Ex Parte Young* provides an exception to the Eleventh Amendment bar for suits brought against a state official in his or her official capacity for prospective injunctive or declaratory relief. *Id.* (citing *Ex parte Young*, 209 U.S. 123 (1908)).

As noted above, Plaintiff was permitted to proceed against Defendant in her official capacity for violating his Sixth Amendment right to counsel. He was not permitted to pursue a claim of money damages. (Docket #7 at 4). However, because Plaintiff filed this action on July 17, 2017 while his criminal case was ongoing, prospective declaratory relief

remained at least theoretically available to him. He was allowed to proceed seeking such relief. *Id.*

Defendant contends that Plaintiff can no longer obtain prospective declaratory relief, and as such, this case must be dismissed. Specifically, Defendant argues that Plaintiff forfeited his right to an attorney, and thus cannot claim any ongoing violation of his Sixth Amendment right to counsel. *Mutter v. Rodriguez,* 700 F. App'x 528, 530 (7th Cir. 2017) (Eleventh Amendment blocks a claim that does not seek prospective relief to remedy an ongoing violation of federal law). Dismissal based on an Eleventh Amendment bar is on the merits and with prejudice. *Id.* at 531.

Plaintiff's response gives the Court no reason to disagree with Defendant. He offers no legal argument or case citations which would establish that the Eleventh Amendment does not bar his claim. *See generally* (Docket #16). Instead, Plaintiff asserts that the certified court records provided by Defendant are missing certain documents. *Id.* at 4-5, 8-9. Those missing documents, and most of Plaintiff's other observations, are entirely irrelevant to the instant motion. The only statement of note is Plaintiff's assertion that his forfeiture of his right to counsel "was not voluntary on [his] part as the record depicts such was not in [his] control." *Id.* at 11. This is unsurprising, given Plaintiff's insistence that his Sixth Amendment rights were violated by the failure to secure counsel. It is also irrelevant. Once the circuit court ordered that Plaintiff's right to counsel was forfeited, Plaintiff's claim in this case became barred by the Eleventh Amendment. It does not matter that Plaintiff disagrees with the circuit court's decision.

Therefore, because there is no ongoing violation of federal law, this Court cannot issue declaratory relief. *Watkins v. Blinzinger*, 789 F.2d 474, 484

(7th Cir. 1986). The *Young* exception to Eleventh Amendment immunity does not save Plaintiff's claim; it is barred.

5. **CONCLUSION**

On the allegations of Plaintiff's Complaint and the contents of judicially noticed court records, and in light of Defendant's unrebutted legal arguments, the Court must grant her motion to dismiss. Plaintiff's motion for entry of a scheduling order will be denied as moot.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Docket #14) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for entry of a scheduling order (Docket #20) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge